IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

**TRAVIS LEMARR GREER,**           )
                                   )
                Plaintiff,       )
                                   )
v.                                 )   No. CIV 20-221-JFH-SPS
                                   )
**KEVIN STITT and SCOTT CROW,**    )
                                   )
                Defendants.     )

**OPINION AND ORDER**

Plaintiff Travis L. Greer ("Plaintiff") is a pro se prisoner in the custody of the Oklahoma Department of Corrections ("DOC") who is incarcerated at William S. Key Correctional Center in Fort Supply, Oklahoma. He has filed a civil rights complaint under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations occurring in Oklahoma prisons (Dkt. No. 1). The defendants are Oklahoma Governor Kevin Stitt and DOC Director Scott Crow ("Defendants").

Plaintiff alleges the state of Oklahoma, through the defendants, has failed to comply with the rulings in *Battles* [*sic*] *v. Anderson*, 376 F. Supp. 402 (E.D. Okla. 1974), which required a lowering of the prison population and adequate medical care for prisoners. He also claims it is a violation of the Eighth Amendment for any prisoner to be subject to a COVID-19 infection.

**Screening/Dismissal Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28

U.S.C. § 1915A(a). The Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

The pleading standard for all civil actions was articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The complaint also must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Id*. at 555-56. "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," the cause of action should be dismissed. *Id*. at 558. The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction given to the pro se litigant's allegations, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could

be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." *Id*. A reviewing court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotations and citations omitted). The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**Plaintiff's Allegations**

Under the "Nature of Case" in the complaint, Plaintiff refers to the *Battles v. Anderson* case from this Court, which concerned Oklahoma prison conditions (Dkt. No. 1 at 6). The actual name of the case was *Battle v. Anderson*, No. CIV 72-095 (E.D. Okla. Jan. 30, 2001), and it later was renamed *Williams v. Saffle*. Plaintiff asks the Court to analyze his claims under that decision and to require Defendants to comply with the *Williams* orders. That case, however, has been closed for all purposes, and all injunctions have been dissolved. *See Williams*, No. CIV 72-095 (Jan. 30, 2001) (Dkt. No. 1852). Therefore, Plaintiff cannot rely on the *Williams* injunctions to support his claims. The Court Clerk is

3

directed to send Plaintiff a copy of the relevant order (Dkt. 1852) from *Williams*.

Plaintiff alleges the following:

> The defendants . . . are directly responsible for protecting the public from a possible outbreak of a [sic] infectious disease outbreak reslulting [sic] from the overcrowding inside Oklahoma Department of Corrections. They are also responsible for protecting the inmate populations and the employees of the state agency. The defendants are additionally required to provide medical care adequate to the 8th Amendment proscription to cruel and unusual punishment. The defendants are equally required to follow medical guidelines set fourth [sic] by the federal government and the CDC in the COVID-19 pandemic outbreak. The failure of the defendants to comply with the rulings of *Battles v. Anderson* have resulted in overcrowding that places the plaintiff in substantial risk for serious infectious disease. The defendants can not gaurentee [sic] in any effective resonable [sic] manner that they can meet with these obligations in sight af the highly infectious nature of the COVID-10 contagion. These failures resulting from the failure to comply with the mandate in *Battles v. Anderson* amount to a deprivation of the plaintiff's rights under the 14th Amendment to the United States Constitution, the loss of life potential caused by overcrowding is a deprivation of the 14th Amendment.

(Dkt. No. 1 at 8). Plaintiff also claims that Mack Alford Correctional Center, where he previously was housed, failed to create and submit a plan for the pandemic. *Id*. at 13.

Plaintiff asserts he "is seeking a class designation that includes members outside the immediate prison population, for which there is no remedy available, or P.L.R.A. requirement to exhaust." *Id*. at 15. In addition, he "is seeking an order to conviene [sic] a 3-judge panel, pursuant to 18 U.S.C. § 3626(a)(3)(A),[1] requesting they mandate immediate lowering of prison population, in order to resolve the acute risk of [COVID-19] infection, caused by overcrowding . . . ." *Id.* Plaintiff further states, "There is no available remedy in

---

[1] 18 U.S.C. § 3626 concerns prisoner release orders with respect to prison conditions.

the Oklahoma Department of Corrections, under the scope of O.D.O.C. Policy OP-090124 to actualize this relief, and . . . the P.L.R.A.'s mandate only requires prisoners to pursue available remedies." *Id.*

After careful review, the Court finds Plaintiff's allegations are conclusory and unclear. Therefore, he must file a proper amended complaint as directed below.

**Amended Complaint**

Within twenty-one (21) days of the entry of this Opinion and Order, Plaintiff must file an amended complaint on this Court's form. The original complaint references persons outside the immediate prison population (Dkt. 1 at 15), apparently in reference to a proposed class action. The Court, however, will only consider claims "based upon the violation of a plaintiff's personal rights, and not the rights of someone else." *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990).

Furthermore, courts are reluctant to certify a class represented by a pro se litigant, because a layman representing himself is considered "to be clearly too limited to allow him to risk the rights of others." *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975). Although plaintiff, a pro se litigant, has the right to appear on his own behalf, he may not represent another pro se plaintiff in federal court. 28 U.S.C. § 1654; *see, e.g.*, *United States v. Grismore*, 546 F.2d 844 (10th Cir. 1976); *Herrera-Venegas v. Sanchez-Rivera*, 681 F.2d 41, 42 (1st Cir. 1982); *United States v. Taylor*, 569 F.2d 448, 451 (7th Cir.), *cert. denied*, 435 U.S. 952 (1978). Therefore, the amended complaint must include only the claims that

concern alleged constitutional violations against Plaintiff.

When Plaintiff filed the complaint, he was incarcerated at Mack Alford Correctional Center in Stringtown, Oklahoma, which is in the territorial jurisdiction of the Eastern District of Oklahoma. Both defendants, however, are located within the Western District of Oklahoma. In addition, it is not clear from the complaint where the alleged constitutional violations occurred. Pursuant to 28 U.S.C. § 1391(b):

> A civil action may be brought in--
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*Id.* The amended complaint must clearly state where and when each alleged constitutional violation occurred, so the Court can determine whether venue is proper in the Eastern District of Oklahoma.

The amended complaint also must set forth the full name of each person he is suing under 42 U.S.C. § 1983, with each defendant listed in both the caption and the body of the document. Further, the names in the caption of the amended complaint must be identical to those contained in the body of the amended complaint, pursuant to Fed. R. Civ. P. 10(a). Plaintiff is responsible for providing sufficient information for service of process. *See Lee*

*v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (plaintiff proceeding *in forma pauperis* and pro se had responsibility to provide correct names and proper addresses for service of process).

The amended complaint must include a short and plain statement of when and how each named defendant violated Plaintiff's constitutional rights and showing Plaintiff is entitled to relief from each named defendant. *See* Fed. R. Civ. P. 8(a). "[T]he complaint [must] make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in original).

Plaintiff also shall identify a specific constitutional basis for each claim. *See id*. He is admonished that simply alleging that a defendant is an employee or supervisor of a state agency is inadequate to state a claim. Plaintiff must go further and state how the named defendant's personal participation violated his constitutional rights. The "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by the plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (citations omitted). Finally, as stated above, Plaintiff may not rely on rulings in the *Williams* (*Battle*) case, because the orders in that case no longer are in effect.

The amended complaint must include all claims and supporting material to be

considered by the Court, *See* Local Civil Rule 9.2(c). It must be complete in itself, including exhibits, and may not reference or attempt to incorporate material from the original complaint or exhibits. *Id*. An amended complaint completely replaces the original complaint and renders the original complaint of no legal effect. *See Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991); *Gilles v. United States*, 906 F.2d 1386, 1389 (10th Cir. 1990). *See also* Local Civil Rule 9.2(c). Pursuant to Local Civil Rule 5.2(a), the amended complaint must be clearly legible, and only one side of the paper may be used. In addition, the margins on additional sheets of paper shall be a minimum of one (1) inch on the top, bottom, and sides. *See id.* The Court Clerk is directed to send Plaintiff a form for filing an amended complaint. Plaintiff is granted twenty-one (21) days to file his amended complaint.

**ACCORDINGLY,**

1. Plaintiff is directed to file within twenty-one (21) days an amended complaint on the Court's form as directed in this Opinion and Order.

2. The Court Clerk is directed to send Plaintiff a copy of the form for filing an amended civil rights complaint in this Court.

3. The Court Clerk is directed to send Plaintiff a copy of the relevant order from *Williams v. Saffle*, No. No. CIV 72-095 (E.D. Okla. Jan. 30, 2001) (Dkt. No. 1852, entered on January 30, 2001).

4. Failure to comply with this Opinion and Order will result in dismissal of this action without further notice.

**IT IS SO ORDERED** this 10th day of September 2020.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE